ON MOTION FOR REHEARING
PER CURIAM.
Michael Kowalsky, a Riverwood Condominium unit owner and resident, entered into a contract for the sale of his unit with Denise Oper. The purchase price was set at $60,000. Section 23.01 of the Riverwood Declaration of Condominium requires Association approval before a sale may be consummated. Notwithstanding that the Board of Directors denied approval of the Kowalsky/Oper sale pursuant to its rule of refusing approval of sales of units if the purchase price is under $70,000, Kowalsky and Arnold Oper — Denise’s father[1] — subsequently closed on the transfer of Unit #321.
Riverwood filed an action to set aside the sale. The trial court held that the Condominium Association’s policy of establishing and enforcing a minimum required unit sales price was lawful, and granted summary judgment for Riverwood voiding the Kowalsky conveyance to Oper.
Section 23.01, the Riverwood Condominium Association Declaration of Condominium, from which the controversy stems, provides in its entirety:
Members of the Association shall have the option to purchase or lease any unit upon the same terms and conditions as are offered by the unit owner to any third person. Prior to the sale, rental, lease or transfer of any unit to any person other then the transferor’s spouse or member of his immediate family, the unit owner shall notify the Board of Directors of the Association, in writing, of the name and address of the person to whom the proposed sale, rental, lease or transfer is to be made and the terms and conditions thereof, and such other information as may be required by the Board of Directors. Failure to do so shall be deemed a breach hereof, and any trans *13 fer in contravention of this Declaration shall be null and void and confer no title or interest to the intended purchaser, lessee or transferee. Within ten (10) days of receipt of said notice and such supplemental information as it requires, the Board of Directors shall either approve or disapprove the proposed sale or transfer, in writing, and shall notify the unit owner of its decision. Failure by the Association to act within said ten (10) days shall be tantamount to its consent. No purchaser from the Developer or its successors or assigns shall have the right to place “for Sale” and/or “for Lease” signs in, on, or about the unit and/or common or limited common elements or to advertise the same for sale and/or lease without the prior written consent of the Board of Directors of the Association.
Appellant, describes the provision as an illegal price-fixing agreement and an unreasonable restriction on use, occupancy, and freedom to alienate real property in violation of chapter 542, The Florida Antitrust Act. Appellee, the Condominium Association, describes the same provision as creating a right of first refusal in the association to purchase the unit at a price which protects property values.
Under the condominium’s procedures, where a unit is offered to existing unit owners through the right of first refusal, and there are multiple unit owners who wish to exercise the right of first refusal, the seller is allowed to select the buyer. Thus, in the present case, even if the condominium’s procedure had been faithfully followed, and even if other unit owners decided to exercise the right of first refusal, Arnold Oper was a qualified buyer and Kowalsky would have been permitted to sell to him. Therefore, the sale from Kow-alsky to Oper did not constitute a material deviation from the condominium’s procedure, and the trial court’s decree voiding the transaction should not have been entered. That being so, there is no reason to reach the appellants’ antitrust challenge.
Reversed and remanded with instructions to dismiss the action in accordance with the appellants’ trial court motion.

. Arnold Oper already owns “several” units in Riverwood Condominium.